UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Cody Gigliotti</u>

    v.                                                          Civil No. 24-cv-09-JL-TSM

<u>Northern N.H. Correctional Facility</u>
<u>Capt. FNU Nadeau and Lt. FNU Sweat</u>

**REPORT AND RECOMMENDATION**

        Before the court is Northern New Hampshire Correctional Facility ("NCF") prisoner Cody Gigliotti's complaint (Doc. No. 1), as well as his motion for a preliminary injunction (Doc. No. 2), which assert that the defendant corrections officers, NCF Capt. Nadeau and NCF Lt. Sweat, whose first names are unknown ("FNU"), have violated, and continue to violate, his Eighth Amendment rights by failing to protect him from a threat of inmate-on-inmate violence presented by his former cellmate, a prisoner he says is known to be a sexual predator. Mr. Gigliotti seeks damages as well as injunctive relief directing defendants to keep him separated from his former cellmate. Mr. Gigliotti's pleadings are here for preliminary review, under 28 U.S.C. § 1915A and LR 4.3(d)(1).

**Background**

        Mr. Gigliotti alleges that in September 2023, he was celled at NCF with a person who he alleges was known to be a sexual predator. Mr. Gigliotti asserts that his cellmate asked him for sexual favors at that time. Mr. Gigliotti reported that incident to defendants NCF Capt. Nadeau and NCF Lt. Sweat and asked to be separated from that person. The defendants "laughed in his face" and said his problem was, "No big deal."

        Defendants placed him and that other prisoner in separate cells but refused to put them in different units or facilities to separate them. Mr. Gigliotti asserts that his former cellmate is still able to "get his hands on" Mr. Gigliotti. He further alleges that he lives in constant fear of being

raped by that person, a risk he asserts that defendants have not addressed or adequately ameliorated. He asserts claims of violations of his First, Fifth, Eighth, and Fourteenth Amendment rights and seeks damages and injunctive relief.

**Discussion**

I.  Preliminary Standard

The court conducts a preliminary review of complaints filed by prisoners seeking relief from government agents. See LR 4.3(d)(1); see also 28 U.S.C. § 1915A. In considering whether the complaint states a claim, the court determines whether, stripped of legal conclusions, and with all reasonable inferences construed in the plaintiff's favor, the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). Claims may be dismissed, sua sponte, if the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A; LR 4.3(d)(1)(A). Because Mr. Gigliotti is proceeding pro se, the court construes his filings liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

II.  Eighth Amendment Failure to Protect Claim

The Eighth Amendment prohibition against cruel and unusual punishment, applied to the States through the Fourteenth Amendment, requires prison officials to provide humane conditions of confinement to inmates, including protection from substantial risks of serious harm. See Farmer v. Brennan, 511 U.S. 825, 832 (1994). An Eighth Amendment endangerment claim has both objective and subjective elements. See Wilson v. Seiter, 501 U.S. 294, 298

(1991). The objective component is satisfied when the deprivation at issue denies prisoners "'the minimal civilized measure of life's necessities.'" Id. (citation omitted).

A showing of deliberate indifference to a substantial risk of serious harm satisfies the subjective prong. See Farmer, 511 U.S. at 834. A prisoner pleading deliberate indifference must show that defendants were aware of circumstances that gave rise to an inference that a substantial risk of serious harm existed; that defendants drew the inference that such a risk existed; and that defendants, by act or omission, did not take reasonable steps to ameliorate the risk. See id. at 828-29; Leite v. Bergeron, 911 F.3d 47, 52–53 (1st Cir. 2018). Deliberate indifference may be manifested by "'wanton disregard to a prisoner's needs . . . akin to criminal recklessness, requiring consciousness of impending harm, easily preventable." Abernathy v. Anderson, 984 F.3d 1, 6 (1st Cir. 2020) (citation omitted). To prevail on an Eighth Amendment claim, a plaintiff must show that the defendant's conduct was purposeful and not merely negligent. See id.

The facts alleged in the Complaint are sufficient to state a claim of Capt. Nadeau's and Lt. Sweat's deliberate indifference to a substantial risk of serious harm to Mr. Gigliotti, based on their acts and omissions, after they received specific notice of the threat presented to him by his former cellmate. Accordingly, in the Service Order this date, the court has directed those defendants to file an answer to the Complaint's Eighth Amendment failure-to-protect claim.

III.   Eleventh Amendment

The Eleventh Amendment generally precludes a plaintiff from suing the State or its agencies in federal court, unless the State has waived its Eleventh Amendment immunity, or a federal law provides the requisite waiver or abrogation of that immunity. See Town of Barnstable v. O'Connor, 786 F.3d 130, 138 (1st Cir. 2015). No waiver or abrogation of the Eleventh Amendment immunity applies to any of Mr. Gigliotti's claims asserted against the NCF or his

claims for damages asserted against defendants in their official capacities.  See Will v. Mich. Dep't of State Police, 491 U.S. 58, 65-66 (1989) ("Congress, in passing § 1983, had no intention to disturb the States' Eleventh Amendment immunity" (citation omitted)); Davidson v. Howe, 749 F.3d 21, 27 (1st Cir. 2014).  Accordingly, the district judge should dismiss all of Mr. Gigliotti's claims against the NCF, as well as all of his claims for damages asserted against the individual officers in their official capacities, because of the Eleventh Amendment.

The Eleventh Amendment does not bar claims asserted against defendants in their personal capacities.  See Guillemard-Ginorio v. Contreras-Gomez, 585 F.3d 508, 531 (1st Cir. 2009).  And the Eleventh Amendment does not bar federal claims asserted against state officers sued in their official capacities for continuing violations of the plaintiff's constitutional rights, seeking prospective relief.  Cf. Doe v. Shibinette, 16 F.4th 894, 903 (1st Cir. 2021) ("In determining whether the doctrine of Ex parte Young avoids an Eleventh Amendment bar to suit, a court need only conduct a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." (internal quotation marks and citation omitted)).  Applying those authorities, Mr. Gigliotti's Eighth Amendment claims for damages asserted against defendants in their individual capacities, along with  his claims for prospective injunctive relief asserted against them in their official capacities, may proceed.

IV.   Remaining Claims

Without clarifying the nature of his First Amendment claims, Mr. Gigliotti asserts that defendants are liable to him for violating the First Amendment.  In that the plaintiff has not alleged facts sufficient to state any claim upon which relief can be granted for a violation of the right to free expression, to petition to government for a redress of grievances, to freely practice religion, to avoid the establishment of religion, or to engage in any other conduct protected by the First

Amendment, the district judge should dismiss his First Amendment claims for failure to state a claim upon which relief can be granted.

Mr. Gigliotti also cites the Fifth Amendment as a source of law for his claims, without further elaboration. Mr. Gigliotti has failed to plead any facts sufficient to state a claim for a violation of any of his rights protected by the Fifth Amendment. Accordingly, the district judge should dismiss his insufficiently-pleaded Fifth Amendment claims, for failure to state a claim upon which relief can be granted.

## Conclusion

For the foregoing reasons, the district judge should dismiss all of Mr. Gigliotti's claims asserted against the NCF, all of his claims for damages asserted against defendants in their official capacities, and all of his First Amendment and Fifth Amendment claims asserted against any defendant.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file any objection within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016). Only those issues raised in the written objections to this Report and Recommendation "'are subject to review in the district court,'" and any issues "'not preserved by such objection are precluded on appeal.'" Id. (citations omitted).

_____
Talesha L. Saint-Marc
United States Magistrate Judge

January 11, 2024
cc:   Cody Gigliotti, pro se