UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

CODY GIGLIOTTI

v. Civil No. 24-cv-009-JL-TSM

NORTHERN NEW HAMPSHIRE CORRECTIONAL FACILITY, ET AL.

# REPORT AND RECOMMENDATION

Plaintiff Cody Gigliotti filed this civil rights action, under 42 U.S.C. § 1983, alleging violations of his Eighth Amendment rights at the Northern New Hampshire Correctional Facility ("NCF"). Mr. Gigliotti, representing himself, filed this action while he was incarcerated at NCF.

On May 8, 2025, the court appointed counsel to represent Mr. Gigliotti in this matter. See May 8, 2025 Order; see also June 2, 2025 Appearance of Michele E. Kenney, Esq. (Doc. Nos. 61, 62). On June 23, 2026, Attorney Kenney filed an "Assented-To Motion for Leave to Withdraw Under Local Rule 83.6(d)" (Doc. No. 73) and provided a last known address for Mr. Gigliotti at a halfway house in Manchester, New Hampshire. After a hearing on that motion, the court permitted Attorney Kenney to withdraw. On July 9, 2026, the court directed Mr. Gigliotti to file a pro se appearance in this case, or to have counsel file an appearance on his behalf, on or before August 10, 2026. See July 9, 2026 Order. In that Order, the court advised Mr. Gigliotti that his failure to comply with that Order could result in the court's presumption "that he abandoned this case" and a recommendation that this case "be dismissed without prejudice for failure to prosecute." Id.

Copies of the July 9, 2026 Order mailed to Mr. Gigliotti at his last known address were returned to the court marked "Return to Sender/Attempted – Not Known/Unable to Forward" (Doc. No. 74).[1] Mr. Gigliotti has not filed an appearance in this case, had counsel file an

[1] The court also notes that the New Hampshire Department of Corrections ("DOC") online inmate locator does not list Mr. Gigliotti as an inmate at any DOC correctional facility.

appearance on his behalf, or provided the court with any notice of a change of address, as required by this court's local rules. See LR 83.6(e) ("An attorney or pro se party who has appeared before the court on a matter is under a continuing duty to notify the clerk's office of any change of address and telephone number. Counsel or pro se parties who fail to provide the clerk's office with their current address in accordance with this rule are not entitled to notice.").

As Mr. Gigliotti has failed to respond to the court's July 9, 2026 Order, and has failed to provide the court with a current address, as required by LR 83.6(e), the court now recommends that the district judge dismiss this case, without prejudice, for failure to prosecute. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Only those issues raised in the objection(s) to this Report and Recommendation are subject to review in the district court. See Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010). Any issues not preserved by such objection are precluded on appeal. See id. Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

Talesha L. Saint-Marc
United States Magistrate Judge

October 22, 2026

cc: Cody Gigliotti, pro se
Catherine Denny, Esq.
Peter Morris MacKenna, Esq.